UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

IN RE:

MARY B NIMETH                                           CASE NO.: 13-29175-RAM

      Debtor(s)                                              CHAPTER 13

_____/

**FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), CREDITOR C/O SETERUS, INC.'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**
*Subject Property:  8431 SW 27TH LN, MIAMI FL 33155*

FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), CREDITOR C/O SETERUS, INC.,  by and through its undersigned counsel, objects to confirmation of the Debtor(s) hereinafter referred to as jointly or individually as ("Debtor(s)") Chapter 13 Plan filed herein for the following reasons:

    1.    Creditor is a secured creditor of the Debtor,  holding a security interest in Debtor's principal residence.

    2.    Debtor's Plan does not comply with 11 U.S.C. §1322(b)(2) in that it seeks to modify the rights of Creditor, the holder of a lien on real property that is the subject property .

    3.    Creditor's claim would be impermissibly modified under Debtor's Plan because Debtor proposes that Creditor not be paid all unpaid arrearage, fees and costs to which it is entitled under its Mortgage.  Creditor has agreed to pay reasonable attorney fees for the bringing of the instant motion.

    4.    The Chapter 13 Plan proposed by the Debtor includes payments toward the mortgage account with Creditor. The regular monthly payment which is due on the subject mortgage should be $2,984.61 not $444.23 as indicated in the Debtor's proposed Plan.  Attached as Exhibit "A" is the Escrow Analysis. Furthermore, the monthly note payment is subject to periodic adjustments for escrow and/or for variable interest rates and thus must be amended during the pendency of the Plan in accordance with the loan documents.

    5.    Pursuant to Creditor's business records, the pre-petition arrearage owed is approximately $142,078.78, whereas the Debtor's Plan does not address arrearage.  Therefore, the Plan is not in compliance with the requirements of 1325(a)(5) and cannot be confirmed.

    6.    The Plan also indicates a Mediation on the homestead Mortgage. A Motion for

Referral to Loss Mitigation Mediation has been filed, pending order entry.

7.   The Creditor has not initiated a loss mitigation review and no certain terms for a potential modification have been reached.

8.   In order for the Creditor to review the subject loan for the possibility of a loan modification, the Creditor requires that a financial package be completed and financials be provided to the Creditor. The financial package varies depending on which type of loan modification the Debtor would like to apply for.

**WHEREFORE**, FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), CREDITOR C/O SETERUS, INC., prays that confirmation of Debtor's Chapter 13 Plan is DENIED unless Debtor's Plan is amended to address the Creditor's objections.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this day, January 10, 2014, I served copy of the foregoing either electronically and/or via first class U.S. mail upon:

MARY B NIMETH
8431 SW 27TH LANE  MIAMI, FL 33155
*Debtor(s)*

THOMAS W WILLIS, JR
8725 NW 18TH TERRACE SUITE 302  MIAMI, FL 33172
*Attorney for Debtor(s)*

NANCY N. NEIDICH
PO BOX 279806 MIRAMAR, FL 33027
*Trustee*

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth Local Rule 2090-1(A).

        SHD Legal Group P.A.
        **Attorneys for Creditor**
        PO BOX 11438
        Fort Lauderdale, FL  33339-1438
        Phone: (954) 564-0071
        Fax:  (954) 564-9252
        E-mail: rdiaz@shdlegalgroup.com

        By:  /s/Roy A. Diaz
          Roy A. Diaz
          Florida Bar No.767700

1441-141820