UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

IN RE:

MARY B NIMETH                                             CASE NO.:  13-29175-RAM

    Debtor(s)                                                    CHAPTER 13

_____/

**CREDITOR'S RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM 1-1**
*Subject Property: 8431 SW 27TH LANE*
*MIAMI, FL 33155*

    Creditor, FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), CREDITOR C/O SETERUS, INC. ("Creditor"), through its undersigned counsel and pursuant to the applicable rules, hereby files its response the Debtor's, MARY B NIMETH ("Debtor"), *Objection to Proof of Claim 1-1* [DE 76], and states:

1.     **Summary of Response**: This Court must overrule the Debtor's objection as it has no basis in law and fact and provides no evidence to support its claims.  Additionally, the Debtor recognized the debt while in mediation with the Creditor and only after failing to be approved for a modification objected.

2.     **Summary of Facts**: The Debtor filed this voluntary Chapter 13 proceeding on August 13, 2013.  The Creditor is a secured creditor, holding a security interest in the subject property located at 8431 SW 27TH LN, MIAMI FL, 33155  ("Property"), more fully described as:

> LOT 14, BLOCK 31, CORAL WAY VILLAGE SECTION A PART 5, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 65, PAGE 17, PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

The Debtor executed a Note and Mortgage on May 11, 2007 in the amount of $293,900.00.  The Note and Mortgage were subsequently lost during the foreclosure litigation. *See Exhibit "A."*

3.     **The Creditor Possessed Standing at the Time of Bankruptcy Filing**: The Debtor objects to the Proof of Claim because f Crystal Moore's name appearing on the Assignment of Mortgage and the allegations that she was a "robo-signer."  The Debtor's allegations are without merit because she failed to

establish that this Assignment of Mortgage was in-fact a product of "robo-signing." Without any proof that this Assignment was robo-signed the Debtor's cannot maintain this allegation.

4.     "As a general proposition, evidence of a valid assignment, proof of purchase of the debt, *or evidence of an effective transfer*, is required to prove that a party holds the note and mortgage is seeks to foreclose." *Taylor v. Deutsche Bank Nat. Trust Co.*, 44 So. 3d 618, 623 (Fla. 5th DCA. 2010), *citing Booker v. Sarasota, Inc*., 707 So.2d 886, 889 (Fla. 1st DCA 1998). Even if the Debtor established that the assignment was a product of "robo-signing" the Creditor still can enforce the note based on the Affidavit[1] attached. *Exhibit "B."* Based on the Creditor's business records it acquired this loan on July 1, 2007. *See paragraph 6 of Affidavit in Support of Creditor's Motion for Relief from the Automatic Stay.*

5.     **Creditor's Lost Note Affidavit ("LNA") is Based on Seterus' Business Records**:  Contrary to the Debtor's allegations the LNA states in paragraph one that is solely based on the business records of Seterus. Based on Seterus' business records the Note was lost during a transfer between Ben Ezra & Katz and the undersign's firm.  Therefore, the LNA is valid.

6.     **Debtor Waived Objection:** The Debtor's objection is untimely and should be deemed waived. The Debtor, as seen in her plan, fully recognized the Creditor's claim when she was being reviewed for a modification. One month after the Mediation Final Report declaring impasse, and six months from the filing of the Claim, the Debtor objected.  The Debtor's objection is clearly based on her failure to obtain a modification and is untimely.

---

[1] The Affidavit attached was drafted in contemplation for a motion for relief as the parties are no longer in mediation.

**WHEREFORE**, Creditor, FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), CREDITOR C/O SETERUS, INC., respectfully requests this Court to deny the Debtor's, MARY B NIMETH, Objection to Plan, require the Debtor to amend their plan due to the mediation final report, and for any such further relief this Court deems property and just.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

        SHD Legal Group P.A.
        **Attorney for Creditor**
        PO BOX 11438
        Fort Lauderdale, FL  33339-1438
        Phone: (954) 564-0071
        Fax:  (954) 564-9252


        By:_____/s/Adam A. Diaz_____
        Adam A. Diaz
        Florida Bar No.98379

## **CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that on this day, August 11, 2014, I served  copy of the foregoing either

electronically and/or via first class U.S. mail upon:

MARY B NIMETH
8431 SW 27TH LANE
MIAMI, FL 33155
*Debtor(s)*

THOMAS W WILLIS, JR
8725 NW 18TH TERRACE SUITE 302
MIAMI, FL 33172
*Attorney for Debtor(s)*

NANCY N. NEIDICH
PO BOX 279806
MIRAMAR, FL 33027
*Trustee*

                By:_____/s/Adam A. Diaz_____
                    Adam Diaz

1441-141820
AAD

# EXHIBIT "A"

## AFFIDAVIT OF LOST NOTE

STATE OF __Florida_____

COUNTY OF __Miami-Dade_____

BEFORE ME, the undersigned authority, personally appeared Kamini Singh, who, being first duly sworn, deposes and says:

1. Affiant is Collateral Control Specialist of Seterus, Inc., (servicer), the mortgage servicer for the owner of the note and mortgage herein. Seterus, as part of its normal servicing operations, maintains various business records including, but not limited to, loan-related documentation and records from the note and mortgage owner's prior loan servicers. These records are maintained by Seterus in the course of its regularly conducted business activities and are made at or near the time of the event, by or from information transmitted by a person with knowledge. It is the regular practice of Seterus to keep such records. Affiant has actual and personal knowledge of the facts stated herein and is authorized to make this Affidavit.

2. The business records described above reflect that the Original Note for the current case was delivered to The Law Offices of Ben Ezra & Katz, P.A. at 2901 Stirling Road, Suite 300 Fort Lauderdale, Florida 33312. The business records further reflect that the Note was in the possession of Law Offices of Ben Ezra & Katz at the time it was lost or destroyed and its whereabouts cannot be determined as that office is now closed.

3. On or about 2/14/2011, the present case was transferred to Smith, Hiatt & Diaz from The Law Offices of Ben Ezra & Katz (prior counsel) however the original Note was not delivered with the case file.

4. The persons named in the Complaint are the only persons known who have an interest regarding the enforcement of the subject note.

5. The original note's whereabouts cannot be determined Seterus has undertaken the following steps to ascertain the current whereabouts of the subject Note, including:

    a. Requested current counsel, Smith, Hiatt & Diaz to conduct a review of the court file to determine if same was filed therein;

    d. Caused an inspection of all storage vendors and custodians, including the Bank of New York, the collateral-document custodian for the owner of the note and mortgage herein;

    c. Made inquiry of employees charged with custodial responsibilities as to the current or potential whereabouts of the Note;

    d. Made inquiry of the prior servicer regarding the location of the original note and mortgage.

    Based upon this inquiry, Seterus cannot determine the original note's whereabouts.

6. A substantial, true and correct copy of the Note is attached hereto

or

The Note contained the following terms:

    a. The original Principal Amount:     $293,900.00

    b. Term of the Note     30 Years

    c. First Payment Date     July 1st, 2007

    d. Original interest Rate:     7.875%

7. Plaintiff was entitled to enforce the Note when the loss of possession occurred.

8. Seterus hereby indemnifies the obligees under the subject note for any loss they may sustain by virtue of the loss of possession of the original note.

FURTHER AFFIANT SAYETH NAUGHT.

_____Kamini Singh_____, Affiant
Title: _Collateral Control Specialist_

Sworn to and subscribed before me this
15th day of June, 2012.

NOTARY PUBLIC, STATE OF _Oregon_
Commissioned Name of Notary Public _Chad Traver_
Personally known _X_ or produced identification ____
Type of Identification Produced _____



# InterestFirst℠ NOTE

May 11, 2007         Plainville                        MA
[Date]               [City]                            [State]

8431 SW 27th Ln
Miami, FL 33155

[Property Address]

### 1. BORROWER'S PROMISE TO PAY
In return for a loan that I have received, I promise to pay U.S. $ 293,900.00   (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is
JPMorgan Chase Bank, N.A.
a bank which is organized and existing under the laws of the United States of America
I will make all payments under this Note in the form of cash, check or money order.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 7.875 %.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3. PAYMENTS
(A) Time and Place of Payments
I will make a payment every month. This payment will be for interest only for the first 120 months, and then will consist of principal and interest.
I will make my monthly payment on the First day of each month beginning on July 1st 2007. I will make these payments every month until I have paid all of the Principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date, and if the payment includes both principal and interest it will be applied to interest before Principal. If, on June 1, 2037, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at JPMorgan Chase Bank, N.A., c/o Chase Home Finance, LLC
3415 Vision Drive, Columbus, OH 43219         or at a different place if required by the Note Holder.
(B) Amount of Monthly Payments
My monthly payment will be in the amount of U.S. $ 1,928.72 for the first 120 months of this Note, and thereafter will be in the amount of U.S. $ 2,435.49. The Note Holder will notify me prior to the date of change in monthly payment.

### 4. BORROWER'S RIGHT TO PREPAY
I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date of my monthly payment

FLORIDA InterestFirst FIXED RATE NOTE-Single Family-Fannie Mae UNIFORM INSTRUMENT

-836N(FL) (0105)    Form 3271.10 1/01
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 3            Initials: _mBm_



unless the Note Holder agrees in writing to those changes. However, if the partial Prepayment is made during the period when my monthly payments consist only of interest, the amount of the monthly payment will decrease for the remainder of the term when my payments consist only of interest as well as during the time that my payments consist of principal and interest. If the partial Prepayment is made during the period when my payments consist of principal and interest, the amount of my monthly payment will not decrease; however, the principal and the interest required under this Note will be paid prior to the Maturity Date.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of Fifteen calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment of interest and/or principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.



-836N(FL) (0105)

Page 2 of 3

Form 3271.10 1/01
Initials: _M B.N._

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

## 11. DOCUMENTARY TAX

The state documentary tax due on this Note has been paid on the mortgage securing this indebtedness.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)                     *Mary B. Nemeth*  _____ (Seal)
                        -Borrower                  Mary B. Nemeth                        -Borrower

_____ (Seal)                     _____ (Seal)
                        -Borrower                                                          -Borrower

_____ (Seal)                     _____ (Seal)
                        -Borrower                                                          -Borrower

_____ (Seal)                     _____ (Seal)
                        -Borrower                                                          -Borrower

*[Sign Original Only]*

-836N(FL) (0105)                         Page 3 of 3                           Form 3271.10 1/01

# EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

IN RE:

MARY B NIMETH  CASE NO.: 13-29175-RAM

Debtor(s)  CHAPTER 13

_____/

### AFFIDAVIT IN SUPPORT OF CREDITOR'S MOTION
### FOR RELIEF FROM THE AUTOMATIC STAY

STATE OF Oregon  )
                 )
COUNTY OF Washington )

Esther Parrish, being first duly sworn on oath, deposes and states as follows:

1.  I am over the age of eighteen and am authorized to make this affidavit on behalf of Seterus, Inc. ("Movant") as servicer for FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE").

2.  I am presently a Bankruptcy Account Specialist for Movant. If sworn as a witness I can competently testify to the matters stated herein. The statements set forth in this Affidavit are true and correct to the best of my knowledge and belief.

3.  In this position, I have access to the business records and files of Movant and my responsibilities include ascertaining and verifying amounts due and payable as to delinquent bankruptcy accounts. I have personal knowledge of the matter in which these business records are created and maintained. I have access to the books, records and files that pertain to the Loan and extensions of creditor given to the Debtor(s) concerning the property securing such Loan.

4.  These records (which include data compilations, electronically imaged documents, and others) are: (a) made at or near the time of the occurrence of the matters set forth by, or from information provided by,

persons with knowledge of the activity and transactions reflected in such records; and (b) kept as a regular practice and in the ordinary course of business conducted by Movant. It is the regular practice of Movant to make such records. In connection with making this Affidavit, I reviewed and relied on those business records concerning the loan which is the subject of this proceeding ("Loan").

5. Movant is providing mortgage loan services to FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), CREDITOR C/O SETERUS, INC. ("Lender"), and is authorized to act on the Lender's behalf. As set forth in the Lost Note Affidavit attached hereto as Exhibit "A," Movant is in possession of a true and correct copy of the promissory note and/or loan agreement ("Note") for this Loan, bearing the date of May 11, 2007 in which the Debtor(s), MARY B NIMETH, promised to pay the sum of $293,900.00. Pursuant to the Note referenced herein, and in the Motion for Relief, all obligations of the Debtor(s) under and with respect to the Note and Mortgage are secured by the property referenced in the Motion.

6. Based on the Movant's business records, this loan was transferred from JPMorgan Chase Bank, N.A. to FANNIE MAE on July 1, 2007. The loan was service released to Seterus on August 1, 2010.

7. The Note is secured by the Mortgage on real estate together with all improvements thereon, located at 8431 SW 27TH LN, MIAMI, FL, 33155.

8. The unpaid principal balance of this loan as of the execution of this affidavit, as reflected in Movant's business records, is $323,639.58.

9.     As of the date of this affidavit Movant has not received the payments that were due with respect to this Loan for the months of August 1, 2009 to present, as reflected in Movant's business records.

Pursuant to 28 U.S.C. §1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct based upon the personal knowledge of the Movant's business records.

FURTHER AFFIANT SAYETH NOT.

By: _____
    Signature

_Esther Parrish_
Print Name

On behalf of _Seterus, Inc._

Its: _Blk Acct Specialist_

STATE OF _O_____

COUNTY OF _Washington_

Sworn to (or affirmed) and subscribed before me, this _11_ day of _August_, 20_14_ by _Esther Parrish_ (Name of Affiant), personally known to me to be the person who executed this Affidavit on behalf of the entity therein named.

Witness my hand and official seal

(Signature of Notary Public)

**OFFICIAL SEAL**
**JANETTE D WILDER**
NOTARY PUBLIC – OREGON
COMMISSION NO. 479505
MY COMMISSION EXPIRES JULY 04, 2017

My Commission Expires: 7/4/17

Janette Wilder

Print type or stamp commission name of Notary Public)

1441-141820

AAD